**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:59 AM August 22, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSE MANUEL RAMIREZ, | ) | CASE NO. 09-60621 |
| | ) | |
| Debtor. | ) | ADV. NO. 14-6029 |
| _____ | ) | |
| JOSE MANUEL RAMIREZ, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| MEDCENTRAL PROFESSIONAL | ) | **(NOT FOR PUBLICATION)** |
| FOUNDATION LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Debtor filed an adversary complaint on June 19, 2014 seeking sanctions for an alleged violation of the discharge injunction. The claims against Defendants William Polinski, D.O. and David Brown, M.D. were voluntarily dismissed on July 18, 2014. On July 23, 2014, Defendant MedCentral Professional Foundation LLC ("MedCentral Professional") filed an answer, followed by an amended motion for judgment on the pleadings on July 24, 2014. Plaintiff did not file an actual response to the motion. Instead, he filed a motion seeking to convert the complaint to a motion. That motion is opposed by MedCentral Professional. Both motions are now before the court.

1

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

## FACTS

Debtor filed a chapter 13 bankruptcy petition on February 28, 2009. MedCental (sic) Health Systems ("MedCentral Health") was listed as a creditor on Schedule F. The original bankruptcy notice was mailed to MedCentral Health at P.O. Box 8135, Mansfield, OH 44901-8135. MedCentral Health did not file a proof of claim.

On May 2, 2013, Debtor converted his case to chapter 7. MedCentral Professional was added as a creditor on Schedule F with an address of 335 Glessner Ave., Mansfield, OH 44903. Per Debtor's certificate of service dated May 14, 2013, MedCentral Professional was not served with either the amended Schedule F or the Notice of Creditor Meeting generated after the conversion.

Debtor obtained a discharge on August 30, 2013. MedCentral was served with the discharge on September 1, 2013 at 335 Glessner Ave, Mansfield, OH 44903-2269.

On June 10, 2014, Debtor reopened the case to pursue sanctions against MedCentral Professional for alleged violations of the discharge injunction. Debtor filed an adversary complaint on June 19, 2014. MedCentral Professional moved for judgment on the pleadings, arguing that an adversary complaint was not the proper vehicle for contempt sanctions for a violation of the discharge injunction. In response, Plaintiff moved to convert the adversary complaint to a motion.

## DISCUSSION

In its amended motion for judgment on the pleadings, MedCentral Professional seeks dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(c), adopted into bankruptcy practice by Bankruptcy Rule 7012. It relies on the Sixth Circuit Court of Appeals' decision in Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000) for its position that § 524 does not create a private cause of action. The court agrees and apparently, so does Plaintiff because, in lieu of a response to the amended motion for judgment on the pleadings, Plaintiff filed a motion to convert its adversary complaint to a motion. The court interprets this as acquiescence to the lack of a private cause of action.

The court is willing to view Plaintiff's motion as responsive to Defendant's amended motion for judgment on the pleadings. However, as Defendant points out, Plaintiff's motion to convert the adversary complaint to a motion is procedurally untenable. Nowhere do either the bankruptcy code or rules contemplate such action. The proper vehicle to seek redress of a discharge violation is through a motion filed in the main bankruptcy case under Federal

2

14-06029-rk    Doc 14    FILED 08/22/14    ENTERED 08/22/14 10:34:47    Page 2 of 3

Bankruptcy Rule 9020. There is simply no way to "convert" an adversary complaint, an action which initiates a separate lawsuit, into a motion in the main case. Consequently, the court is convinced that dismissal of the complaint is appropriate. The question then becomes whether the dismissal is with prejudice or whether Plaintiff will have latitude to pursue a motion for contempt.

A Rule 12(c) motion for judgment on the pleadings is reviewed using the Rule 12(b)(6) standards. <u>Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)</u>, 716 F.3d 404, 412 (6th Cir. 2013) (citing <u>Roth v. Guzman</u>, 650 F.3d 603, 605 (6th Cir. 2011); <u>Kottmyer v. Maas</u>, 436 F.3d 684, 689 (6th Cir. 2006)). Generally, a dismissal for failure to state a claim under Rule 12(b)(6) constitutes a decision on the merits unless otherwise specified. <u>Craighead v. E.F. Hutton & co., Inc.</u>, 899 F.2d 485, 495 (6th Cir. 1990) (other citations omitted). The decision to issue with or without prejudice is within the discretion of the court. <u>Id.</u> A court may elect to issue dismissal without prejudice to avoid the harshness of a dismissal with prejudice or to allow a party to rectify pleading defects. <u>CNH Am. LLC v. Int'l Union, United Auto., Aerospace and Agric. Implements Workers of Am.</u>, 645 F.3d 785, 795 (6th Cir. 2011).

The court finds that dismissal with prejudice is not warranted. Although based in procedure rather than substantive law, Plaintiff's motion to convert is similar to a motion to amend. While the court may be puzzled over Plaintiff's choice of this motion, instead of a motion to dismiss without prejudice, Plaintiff attempts to reach that end. Since this action has been pending less than two months, the prejudice to Defendant is minimal. Issuing the dismissal without prejudice will allow the matter to be decided on the merits, not by procedural default.

An order will be entered immediately.

#          #          #

**Service List:**

Kenneth R. Beddow
Davis & Young
24 West Third Street, Suite 306
Mansfield, OH 44902-1242

Erica M. Biagetti
Davis & Young
One Cascade Plaza
Suite 800
Akron, OH 44308

Deborah L Mack
P O Box 486
Mansfield, OH 44901-0486

3